UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT G. MANFREDI, SR.,

                Plaintiff,

-against-

TOWN OF GREENBURGH, LT. VINCENT
LoGIUDICE, DESMOND MARTIN, and
NORMAN HALL,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

08 Civ. 6770 (GAY)

On July 29, 2008, plaintiff commenced this action against the Town of Greenburgh, Lt. Vincent LoGiudice, Sgt. Desmond Martin, and police officer Norman Hall for the alleged violation of his United States Constitutional rights.

On June 26, 2012, plaintiff was scheduled for a deposition at the United States Courthouse in White Plains, NY at 10:00 a.m. Affirmation in Support of Motion for Costs ("Aff. Supp't"), at ¶ 3.  The date, time, and location of the deposition were previously confirmed. Id.  Nonetheless, plaintiff failed to appear for his deposition. Id.  Plaintiff did not communicate to his counsel or defendants, his intent not to appear at the deposition. Id. at ¶ 4.  Plaintiff's counsel made unsuccessful attempts to contact him to inquire on his whereabouts and whether he intends to attend the deposition. Id. at ¶ 5.  At about 10:48 a.m., plaintiff having not appeared for his deposition, counsels commenced the deposition and put on the record the fact of plaintiff's non-appearance. Id. at ¶ 6.

On June 28, 2012, the Court held a status conference where it was revealed that

plaintiff faxed a letter to his counsel's office on June 26 at about 10:45 a.m. stating that he was too ill to be deposed. Aff. Supp't, at ¶ 7. His letter also stated that he anticipates that he would not be able to be deposed at all for an extended period of time going forward. Id. This Court ordered plaintiff to submit an affidavit from a doctor which verifies plaintiff's reason for failing to appear at his June 26, 2012 deposition and which sets forth the date when plaintiff will be medically able to be deposed. Id. at ¶ 8. On July 5, 2012, plaintiff's counsel faxed a letter to this Court from a Sari Maenza, MS FNP, a nurse at the White Plains Hospital Center. See Exh. C. The note stated that plaintiff was being treated for prostate cancer and suffers from general fatigue, insomnia, and difficulty concentrating due to his condition. Id. On October 2, 2012, this Court ordered that plaintiff's deposition be completed by December 3, 2012. Docket entry # 30. The Court advised plaintiff that his failure to cooperate with the scheduling of his deposition and/or his failure to participate in good faith during his deposition may result in sanctions, including dismissal of his complaint. Id.

Presently before this Court is defendants' motion for an award of costs and fees in connection with plaintiff's failure to appear for his June 26, 2012 deposition.

## I.   DISCUSSION

Defendants ask the Court to award them compensation for the expenses incurred for traveling to and attending the July 26 deposition, for the fee paid to the court reporter, and for the time expended in preparing for the deposition. Pursuant to Fed.R.Civ.P. 37(d), a party who fails, after being served with proper notice, to appear for his deposition may be sanctioned by the Court. Rule 37 provides that "the court shall require the party failing to act . . . to pay the reasonable expenses, including

attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." See Mercado v. Div. of New York State Police, 989 F. Supp. 521, 524 (S.D.N.Y. 1998). The Court considers the following factors In deciding whether to impose sanctions under Rule 37: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." See Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). Compensation for incurred expenses is the mildest of all Rule 37 sanctions. See Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979).

Under the circumstances, the Court concludes that the failure of plaintiff to appear at the June 26, 2012 deposition; and his failure to timely inform anyone, including his own counsel, of his stated medical inability to appear is unjustified. Sanctions in the form of reasonable costs that the defendants incurred are warranted.

Here, defendants ask the Court to award them compensation for two hours travel and attendance expenses at the rates of $225/hour for attorney Thomas Troetti and $175/hour for attorney Richard Marasse. Courts customarily reimburse attorneys for travel time at fifty percent of their hourly rates. See Wilder v. Bernstein, 975 F. Supp. 276, 286 (S.D.N.Y. 1997); Davis v. City of New Rochelle, 156 F.R.D. 549, 559 (S.D.N.Y. 1994); Loper v. New York City Police Dep't, 853 F. Supp. 716, 720 (S.D.N.Y. 1994). Defendants fail to provide the specific amount of time spent traveling to the courthouse

for the deposition. While they presented the Court with two hours of travel and attendance time for each attorney, they did not separate the travel time from the actual amount of time spent in the courthouse awaiting plaintiff's arrival. Consequently, the Court will reduce their requested travel and attendance fee by ten percent. Hence, attorney Troetti is entitled to $405 and attorney Marasse is entitled to $315 in travel and attendance fees.

Next, defendants request compensation for the time spent in preparing for the deposition. Defendants request the amount of $175 each for both attorneys Troetti and Marasse. As previously noted, the Court issued an order for the plaintiff's deposition to be conducted by December 3, 2012. The attorneys will have an opportunity to utilize the preparation conducted for the failed June 26, 2012 deposition at plaintiff's new deposition. As such, the time will not be wasted. Consequently, the Court will not award defendants fees for the time spent in preparing for the June 26 deposition.

Finally, defendants request compensation for the $190 fee paid to the court reporter. Defendants have included as exhibit A to the motion for costs, an invoice from the court reporter. See Exh. A. Thus, the defendants shall be awarded the $190 fee paid to the court reporter. See Mercado, 989 F. Supp. at 524 (awarding the requested fees for the court reporter when the party attached the invoices evidencing that the court reporter fees were paid.)

## II.   CONCLUSION

Defendants shall be awarded the sum of $405 for attorney Troetti's travel and attendance fee; $315 for attorney Marasse's travel and attendance fee; and $190 for

the court reporter's fee, for a total sum of $910. Plaintiff Manfredi is directed to pay to the Town of Greenburgh the amount of $910.

The Clerk is respectfully requested to terminate the motion (Docket # 24).


Dated:  November 28, 2012
        White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.